Melissa A. Fortunato (SBN 319767)
  fortunato@bespc.com
Marion C. Passmore (SBN 228474)
  passmore@bespc.com
BRAGAR EAGEL & SQUIRE, P.C.
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506

*Attorneys for Plaintiff Kristine Brewitz*

[Additional counsel appears on signature page]

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER TUERPE, derivatively on behalf of SNOWFLAKE INC., <br><br> Plaintiff, <br><br> v. <br><br> FRANK SLOOTMAN, MICHAEL P. SCARPELLI, BENOIT DAGEVILLE, MARK S. GARRETT, JAYSHREE V. ULLAL, KELLY A. KRAMER, MICHAEL L. SPEISER, TERESA BRIGGS, CARL M. ESCHENBACH, and JOHN D. MCMAHON, <br><br> Defendants, <br><br> and <br><br> SNOWFLAKE INC., <br><br> Nominal Defendant. <br><br><br> [Caption continued on next page] | Case No.: 3:24-cv-02502-RS <br><br> Judge Richard Seeborg <br><br> **REVISED JOINT STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS, AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION** |

| | |
|---|---|
| 1   KRISTINE BREWITZ, derivatively on behalf of SNOWFLAKE INC., | Case No.: 3:24-cv-04705-RS |
| 2 | |
| 3                   Plaintiff, | Judge Richard Seeborg |
| 4        v. | |
| 5   FRANK SLOOTMAN, MICHAEL P. SCARPELLI, BENOIT DAGEVILLE, | |
| 6   TERESA BRIGGS, STEPHEN B. BURKE, JEREMY BURTON, CARL M. | |
| 7   ESCHENBACH, MARK S. GARRETT, KELLY A. KRAMER, MARK D. | |
| 8   MCLAUGHLIN, JOHN D. MCMAHON, MICHAEL L. SPEISER, and JAYSHREE V. | |
| 9   ULLAL, | |
| 10 | |
| 11                   Defendants, | |
| 12        and | |
| 13   SNOWFLAKE INC., | |
| 14                   Nominal Defendant. | |
| 15 | |

REVISED JOINT STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED
SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR
PLAINTIFFS, AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION

Plaintiffs Kristine Brewitz ("Brewitz") and Christopher Tuerpe ("Tuerpe", and together with Brewitz, "Plaintiffs"), derivatively on behalf of Nominal Defendant Snowflake Inc. ("Snowflake" or the "Company"), and defendants Teresa Briggs, Stephen B. Burke, Jeremy Burton, Benoit Dageville, Carl M. Eschenbach, Mark S. Garrett, Kelly A. Kramer, Mark D. McLaughlin, John D. McMahon, Michael P. Scarpelli, Frank Slootman, Michael L. Speiser, and Jayshree V. Ullal (collectively, the "Individual Defendants," and together with Snowflake, "Defendants") jointly submit this revised stipulation ("Stipulation") to consolidate the above-captioned related shareholder derivative actions (the "Actions") and to appoint co-lead counsel for Plaintiffs and apply the existing stay in the *Tuerpe* Action (defined below) to the consolidated action. Defendants and Plaintiffs are jointly referred to herein as the "Parties." The Parties submit the following in support of this Stipulation and state as follows:

**WHEREAS,** on April 25, 2024, Tuerpe filed a putative shareholder derivative action, captioned *Tuerpe v. Slootman, et al.*, Case No. 3:24-cv-02502 (the "*Tuerpe* Action"), against certain of the Individual Defendants (all except Jeremy Burton, Stephen B. Burke, and Mark D. McLaughlin) on behalf of the Company making claims for breach of fiduciary duty, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and contribution under Sections 10(b) and 21D of the Exchange Act.

**WHEREAS,** on July 16, 2024, the parties to the *Tuerpe* Action filed a joint stipulation to stay the proceedings until after the resolution of the motion to dismiss in a related securities class action pending in this Court, captioned *Flannery v. Snowflake Inc., et al.*, Case No. 3:24-cv-01234-PCP (N.D. Cal.) (the "Securities Action"), which stipulation the Court so-ordered on August 5, 2024 (*Tuerpe* Action, ECF No. 31) (the "Stay Order");

**WHEREAS,** on August 2, 2024, Brewitz filed a substantially similar putative shareholder derivative action, captioned *Brewitz v. Slootman, et al.*, Case No. 3:24-cv-04705 (the "*Brewitz* Action," and with the *Tuerpe* Action, the "Actions"), against the Individual Defendants on behalf of

REVISED JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER TO CONSOLIDATE RELATED
SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS,
AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION

the Company making claims for breach of fiduciary duty, aiding and abetting, violations of Section 10(b) of the Exchange Act and United States Securities and Exchange Act Rule 10b-5; waste of corporate assets, unjust enrichment, violations of Section 14(a) of the Exchange Act, insider trading, and contribution under Sections 10(b) and 21D of the Exchange Act;

**WHEREAS,** on September 5, 2024, the Court entered an Order relating the *Brewitz* Action to the *Tuerpe* Action under Civil L.R. 3-12, the *Brewitz* Action was reassigned to Judge Richard Seeborg, and the Court directed the Parties to submit a revised proposed consolidation order reflecting that the cases have been related and the reassignment of the *Brewitz* Action (*Brewitz* Action, ECF No. 33);

**WHEREAS,** the Parties agree that the interests of justice, efficiency, and effective case management would best be served by consolidating the *Tuerpe* Action and the *Brewitz* Action, appointing co-lead counsel for Plaintiffs, and coordinating Defendants' deadlines to respond to the complaints filed in the consolidated action;

**WHEREAS,** in order to realize the efficiencies made possible by consolidation of the Actions, Plaintiffs agree that The Brown Law Firm, P.C. and Bragar Eagel & Squire, P.C., the respective resumes of which are attached hereto as Exhibits A and B, shall be designated as Co-Lead Counsel representing Plaintiffs in the consolidated action;

**WHEREFORE,** the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1.      Defendants, through their undersigned counsel, hereby accept service of the summons and complaint filed in the *Brewitz* Action without waiver of any rights or defenses except as to sufficiency of service.

2.      Pursuant to Federal Rule of Civil Procedure 42(a), the Actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, and are referred to herein as the "Consolidated Action."

REVISED JOINT STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED
SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS,
AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION

3. Every pleading filed in the Consolidated Action, or in any separate action later consolidated with the Consolidated Action, shall bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SNOWFLAKE INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No.: 3:24-cv-02502-RS |
| This Document Relates To: | |
| ALL ACTIONS. | |

4. The files of the Consolidated Action shall be maintained in one file under Lead Case No. 3:24-cv-02502-RS.

5. This Order shall apply to each purported shareholder derivative action asserting claims derivatively on behalf of Snowflake and arising out of the same or substantially the same transactions or events as the Consolidated Action ("Potential Subsequent Related Derivative Actions") that is subsequently filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court. When a case which properly belongs as part of *In re Snowflake Inc. Stockholder Derivative Litigation*, Lead Case No. 3:24-cv-02502-RS, is hereafter filed in, removed to, reassigned to, or transferred to this Court, counsel for the Parties shall call such filing, removal, reassignment, or transfer to the attention of the Clerk of the Court for purposes of moving the Court for an order consolidating such case(s) with *In re Snowflake Inc. Stockholder Derivative Litigation*, Lead Case No. 3:24-cv-02502-RS. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Action shall apply to Potential Subsequent Related Derivative Actions subsequently filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, and all Potential Subsequent Related Derivative Actions subsequently filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court shall be consolidated into the Consolidated Action.

REVISED JOINT STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS, AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION

6.      Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
tbrown@thebrownlawfirm.net

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
fortunato@bespc.com
passmore@bespc.com

7.      Co-Lead Counsel shall represent Plaintiffs in the prosecution of the Consolidated Action, determine and present to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial negotiations, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there is no duplication of effort or unnecessary expense, coordinate on behalf of the Plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.  No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff except through Plaintiffs' Co-Lead Counsel.

8.      Defendants' counsel may rely on all agreements made with Co-Lead Counsel or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

9.      All papers and documents previously filed and/or served in the Actions shall be deemed a part of the record in the Consolidated Action.

REVISED JOINT STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED
SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS,
AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION

10. The Stay Order dated August 5, 2024 that effected a stay of proceedings in the *Tuerpe* Action (*Tuerpe* Action, ECF No. 31) shall apply to the Consolidated Action. Accordingly, all proceedings in the *Brewitz* Action, including all deadlines, hearings, and conferences, shall be temporarily stayed in accordance with the terms of the Stay Order, and Defendants shall not be required to move, answer, or otherwise respond to the complaint in the *Brewitz* Action during the pendency of the stay.

11. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Actions.

**IT IS SO STIPULATED.**

Dated: September 10, 2024

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
580 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
fortunato@bespc.com
passmore@bespc.com

*Counsel for Plaintiff Brewitz and [Proposed]*
*Co-Lead Counsel for Plaintiffs*

**THE BROWN LAW FIRM, P.C.**
*/s/ Robert C. Moest*
Robert C. Moest (SBN 62166)
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
RMoest@aol.com

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204

REVISED JOINT STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED
SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS,
AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION

1  tbrown@thebrownlawfirm.net

2  *Counsel for Plaintiff Tuerpe and [Proposed]*
   *Co-Lead Counsel for Plaintiffs*

3  **QUINN EMANUEL URQUHART &**
   **SULLIVAN, LLP**

4  /s/Kevin P.B. Johnson
   Kevin P.B. Johnson

5  Michael T. Lifrak
   555 Twin Dolphin Drive, 5th Floor

6  Redwood Shores, CA 94065
   Telephone: (650) 801-5000

7  kevinjohnson@quinnemanuel.com
   michaellifrak@quinnemanuel.com

8

9  Jesse Bernstein (*pro hac vice* forthcoming)
   Leigha Empson (*pro hac vice* forthcoming)

10  51 Madison Avenue, 22nd Floor
    New York, NY 10010

11  Telephone: (212) 849-7000

12  *Counsel for Defendants*

13

14                **Attestation Pursuant to Civil Local Rule 5-1(i)(3)**

15         Pursuant to Local Rule 5-1(i)(3), I hereby attest that all other signatories listed, and on whose

16  behalf this filing is jointly submitted, concur in this filing's content and have authorized me to file

17  this document.

18  Dated: September 10, 2024                BRAGAR EAGEL & SQUIRE, P.C.
                                            /s/ Melissa A. Fortunato

19                                          Melissa A. Fortunato

20

21                                    **ORDER**

22         PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24  Dated:  9/10/2024

25                                          THE HONORABLE RICHARD SEEBORG
                                            UNITED STATES DISTRICT JUDGE

26

27                                        6

28  ────────────────────────────────────────────────
    REVISED JOINT STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED
    SHAREHOLDER DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS,
    AND APPLY THE EXISTING STAY TO THE CONSOLIDATED ACTION

# EXHIBIT A

# THE BROWN LAW FIRM, P.C. BIOGRAPHY

The Brown Law Firm, P.C. is a complex business litigation firm located in New York, New York. The firm specializes in shareholder derivative litigation in courts throughout the country.

## TIMOTHY BROWN – MANAGING PARTNER

In January 2014, Timothy Brown founded the Brown Law Firm, which specializes in shareholder derivative litigation. The Brown Law Firm has achieved favorable settlements in numerous shareholder derivative actions in federal and state courts across the country, providing substantial benefits to publicly traded companies and their investors.

Since shortly after Mr. Brown graduated from law school, through 2013, he was a litigator at a major national law firm. Mr. Brown's prior firm specializes in representing plaintiffs in securities class actions and derivative actions in courts throughout the country. There, Mr. Brown had a leadership role in achieving numerous multi-million dollar settlements of shareholder suits.

In 2004, Mr. Brown graduated from the University of Chicago Law School at which he was a recipient of a merit scholarship awarded to the top two percent of all applicants. He received his B.A. in Business Economics, *magna cum laude*, from Brown University in 2001.

Mr. Brown is admitted to the bar of the State of New York and admitted to practice in the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, the United States District Court for the Western District of New York, and the United States District Court for the District of Connecticut, the United States District Court for the District of Maryland, the United States District Court for the Northern District of Ohio, the United States District Court for the Northern District of Illinois, the United States District Court for the Eastern District of Wisconsin, the United States District Court for the Western District of Wisconsin, and the United States District Court for the District of Colorado, and the United States

1

Court of Appeals for the Sixth Circuit.

### SAADIA J. HASHMI – PARTNER

Saadia Hashmi received her J.D. from The University of Texas at Austin School of Law in May 2018.  She was a staff editor on the TEXAS JOURNAL ON CIVIL LIBERTIES & CIVIL RIGHTS.  Ms. Hashmi received an M.A. in Dispute Resolution in 2014 from Southern Methodist University.  She received her B.A. in American Studies, *magna cum laude*, from the University of Texas at Dallas in 2012.

Ms. Hashmi is admitted to the bars of the State of New York and the State of Texas, and she is admitted to practice in the United States District Court for the Southern District of New York, the United States District Court for the Southern District of Texas, the United States District Court for the Northern District of Texas, and the United States District Court for the Western District of Texas.

### ELIZABETH DONOHOE – ASSOCIATE

Elizabeth Donohoe received her J.D. from the University of Florida Levin College of Law in May 2022. At UF Law, she was a Teaching Assistant and worked at the Wrongful Convictions and Factual Innocence: Conviction Integrity Review Clinic.  In May 2019, Ms. Donohoe received her B.A. in Criminology & Law, *magna cum laude*, from the University of Florida.

Ms. Donohoe is admitted to the bars of the State of New Jersey and the State of New York, and she is admitted to practice in the United States District Court for the District of New Jersey.

### JOHN COYLE – ASSOCIATE

John Coyle received his J.D. from Seton Hall University School of Law in May 2023. At Seton Hall Law, he served as a Co-Chair of the Mock Trial Team, an editor of the  Seton Hall Sports, Entertainment & Gaming Law Blog, and as a member of the Criminal Law Society and

Entertainment & Sports Law Society. In April 2020, Mr. Coyle received his B.A. in Political Science and History, *magna cum laude*, from the University of Pittsburgh.

Mr. Coyle is admitted to the bars of the State of Pennsylvania, the State of New Jersey, the State of New York, and the State of Massachusetts, and he is admitted to practice in the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the District of New Jersey, and the United States District Court for the District of Massachusetts.

### ROBERT C. MOEST – OF COUNSEL

Robert Moest's office is in Santa Monica, California. Until 1999, and for more than two decades, Mr. Moest was a partner at Fleishman, Fisher & Moest, a litigation firm in Los Angeles. Mr. Moest's partner Stanley Fleishman was revered for being a pioneer in the field of constitutional rights and for winning countless 1st Amendment and civil rights lawsuits, including about a dozen victories before the U.S. Supreme Court.

Mr. Moest maintains a civil trial, writ and appellate litigation practice, emphasizing 1st Amendment, constitutional and other civil rights, shareholder actions, commercial and real estate litigation, health care, administrative law and licensing, and land use. His practice is divided between federal and state practice. Mr. Moest has been counsel in more than 100 appeals, leading to more than forty reported decisions. Mr. Moest has jury and court trial experience in courts throughout the United States.

Mr. Moest was a founding member of the California Academy of Attorneys for Health Care Professionals, Co-counsel on Los Angeles County Jail Over-detention Team (successful class action suits seeking injunctive relief and damages against systematic over-detention of inmates in Los Angeles County Jail); and was a member of the Board of Directors, Higher Education Research Institute (since incorporated into UCLA School of Higher Education).

Mr. Moest graduated from the UCLA School of Law in 1974, in the top ten percent of his

class. He earned his undergraduate degree from Amherst College.

Mr. Moest is a member of the California bar, and the bars for the Central, Southern, Northern and Eastern federal districts in California, the United States Court of Appeals for the Second, Third, Ninth, and Tenth Federal Circuits, and the United States Supreme Court.

# EXHIBIT B

# B|E|S BRAGAR EAGEL & SQUIRE, P.C.

## FIRM RESUME

Bragar Eagel & Squire, P.C. represents clients in complex litigation throughout the country.  Our practice focuses on prosecuting stockholder securities class actions, corporate governance actions, and merger actions in federal and state courts.   Our attorneys have been appointed as lead counsel or co-lead counsel in hundreds of securities, corporate governance, and merger actions around the country.  We also have strong practices in bankruptcy-related litigation and have been retained by creditor committees or post-confirmation trustees to litigate D&O and other claims for the benefit of the bankruptcy estate or creditors.  We also have a breadth of experience to litigate a full range of commercial disputes.

Our attorneys come from various legal backgrounds and collectively have decades of experience litigating securities class actions, corporate governance matters, merger actions, and consumer rights actions, obtaining over a billion dollars in recoveries for clients and class members.  We litigate cases aggressively, from the initial investigation, through motion practice, discovery, trial and appeals.  We are headquartered in New York City and have offices in San Francisco and Los Angeles, California and South Carolina.

## DERIVATIVE, SECURITIES, AND MERGER LITIGATION

The core of our practice is representing stockholders prosecuting securities class actions, corporate governance actions, and merger actions.

We have an active practice representing clients in cases pending in the Delaware Court of Chancery and have achieved success litigating matters involving stockholder rights, corporate governance, and limited partner rights.  We are one of the nation's leading firms litigating complex legal issues under Delaware law applicable to alternative entities, including publicly-traded master limited partnerships and limited liability companies.

In the master limited partnership field, we have frequently represent limited partners challenging the fairness of "conflicted" transactions between a publicly-traded partnership and its controlling parent entity.   In *In re El Paso Pipeline Partners, L.P., Derivative Litigation*, we successfully tried claims before the Delaware Court of Chancery and obtained one of the only verdicts finding that independent directors of a master limited partnership acted with *subjective* bad faith when approving a conflicted transaction with the parent. 2015 Del. Ch. LEXIS 116 (April 20, 2015).[1]

In *Mesirov v. Enbridge Energy Company, Inc.*, we obtained a favorable ruling from the Delaware Supreme Court, which clarified the standard applicable to certain conflicted

---

[1] The case was subsequently dismissed on appeal due to plaintiff's loss of standing.

SOUTH CAROLINA          NEW YORK          CALIFORNIA

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

transactions between the master limited partnership and its parent.  159 A.3d 242 (Del. March 28, 2017).

<u>**Representative  Matters**</u>

**Derivative  Actions**

- ***In  re  CenturyLink  Sales  Practices  and  Securities  Litigation:  Consolidated Derivative Action***, MDL No. 17-2795 (MJD/KMM), United States District Court for the District of Minnesota.  We were appointed lead counsel to pursue derivative claims on behalf of CenturyLink against certain of its current and former directors and officers.    The claims arose out of the company's alleged practice of allowing its employees to add services or lines to accounts without customer permission, resulting in millions of dollars in unauthorized charges to CenturyLink customers.  This case is in the final stages of settlement resolution.

- ***Granite Construction Incorporated. - English v. Roberts***, Case No. 3:19-cv-04744-WHA (N.D. Cal.)  We were counsel along with counsel in a related action pending in Delaware Chancery Court in derivative actions that alleged that Granite and certain of its directors and officers breached their fiduciary duties by, *inter alia*, issuing and/or permitting the issuance of false and misleading statements concerning the Company's financial performance on four major construction projects (the "Projects").  The claims followed allegations in a securities class action arising out of the alleged misstatements and omissions.  The claims were successfully settled for (1) a payment by Granite's insurers of $7,500,000 to Granite; and (2) the adoption of comprehensive corporate governance reforms.

- ***Mesirov v. Enbridge Energy Company, Inc., et al.***, C.A. No. 11314, Appeal No. 273, (Del. Supreme Court 2016).  We prosecuted class and derivative claims on behalf of Enbridge Energy Partners, L.P. ("EEP") against EEP's general partner, parent, and affiliated entities.  The claims arose out of a January 2015 "drop down" transaction pursuant to which the general partner sold certain pipeline assets to EEP for $1 billion plus additional consideration in the form of a "special tax allocation".  We secured a favorable ruling from the Delaware Supreme Court, reversing in part the Chancery Court's dismissal of the action.  The action was dismissed as a result of EEP's merger into Enbridge Inc., which deprived the plaintiff of standing.   The EEP Special Committee that negotiated an increase in the merger price valued the derivative claims at $111.2 million and asserted that Enbridge's offer failed to account for this value.  Reported decisions: 159 A.3d 242 (Del. March 28, 2017) (reversing order of dismissal); 2018 Del. Ch. LEXIS 294 (Del. Ch. August 29, 2018) (denying in part motion to dismiss third amended complaint).  The case has successfully settled.

- ***In re Activision Blizzard, Inc. Stockholder Litigation***, C.A. No. 8885 (Del. Ch. 2013). We were co-lead counsel prosecuting class and derivative claims on behalf of Activision's stockholders arising out of a conflicted transaction unfairly favoring Activision's senior management.  The matter settled on the eve of trial for $275

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

million, by far the largest monetary settlement in the history of the Delaware Court of Chancery and the largest cash derivative settlement in the country. In addition, the settlement provided significant corporate governance benefits to the class. Reported decision: 86 A.3d 531 (February 21, 2014) (court compelled foreign national directors of controlling stockholder to respond to discovery).

- ***In re El Paso Pipeline Partners, L.P. Derivative Litigation***, C.A. No. 7141 (Del. Ch. 2011). We prosecuted claims on behalf of El Paso Pipeline Partners, L.P., a public master limited partnership, against its general partner and its sponsor, El Paso Corporation (now merged into Kinder Morgan, Inc.). The Court after trial found that the partnership was damaged in the amount of $171 million.[2] Reported decision: 2015 Del. Ch. LEXIS 116 (April 20, 2015)

- ***In re Third Avenue Trust Stockholder & Derivative Litigation***, Cons. C.A. No. 12184 (Del. Ch. 2016). We were co-lead counsel prosecuting claims for breach of fiduciary duty against the Trust's officers and its investment advisor arising out of the collapse of the Third Avenue Focused Credit Fund. The case settled for $25 million.

- ***In re Equifax, Inc. Derivative Litigation***, Case No. 1:18-cv-17, United States District Court for the Northern District of Georgia. We represented individual and institutional stockholders prosecuting derivative claims on behalf of Equifax against certain of Equifax's current and former officers and directors for breaches of fiduciary duty arising out of Equifax's 2017 data breach. We successfully settled this case.

- ***Baron v. Sanborn, et al.***, Case No. 3:18-cv-04391-WHA, United States District Court for the Northern District of California. We represent a stockholder of LendingClub Corporation, an on-line marketplace platform that connects borrowers to lenders. The stockholder is bringing derivative claims on behalf of the company against certain current and former directors and officers arising out of the company's business practice of making false statements to potential borrowers concerning applicable fees and the loan approval process. The court appointed us co-lead counsel on April 25, 2019.

- ***Meldon v. Thompson, et al.***, Civil Action No. 18-cv-10166, United States District Court for the District of New Jersey. We represented a stockholder of Freshpet, Inc., a manufacturer of foods for dogs and cats. The stockholder brought a derivative action on behalf of the company alleging that certain current and former directors and officers caused the company to make false and misleading statements about the company's business results and prospects. The claims arise out of the defendants' alleged failure to disclose expected decreases in revenues due to manufacturing problems and financial difficulties at the company's primary retail customers. We successfully settled this case and achieved corporate governance reforms as a term of settlement.

---

[2] The case was subsequently dismissed on appeal due to plaintiff's loss of standing.

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

- ***Walker v. Desisto, et al.***, Civil Action No. 17-10738-MLW, United States District Court for the District of Massachusetts. We represented a stockholder of Insulet Corporation bringing derivative claims on behalf of the company against certain of the company's current and former directors and officers for making false and misleading statements concerning market demand for the company's disposable insulin delivery system, "OmniPod." We successfully settled this matter.

- ***In re Tesla Motors, Inc. Stockholder Litigation***, C.A. No. 12711, Delaware Court of Chancery. We represented institutional asset managers prosecuting direct and derivative claims on behalf of Tesla arising out of Tesla's acquisition of SolarCity Corporation..

- ***Brinckerhoff v. Texas Eastern Products Pipeline Company, L.L.C.***, C.A. No. 2427 (Del. Ch. 2010). We prosecuted claims on behalf of TEPPCO's common unitholders claiming that in a series of transactions orchestrated by TEPPCO's general partner, TEPPCO had been shortchanged by hundreds of millions of dollars. The action was resolved by a merger which benefitted TEPPCO's unitholders by more than $400 million. Reported decision: 2008 Del. Ch. LEXIS 174 (November 25, 2008) (denial in part of motion to dismiss). We successfully settled this case.

- ***Gerber v. Enterprise Products Holdings L.L.C.***, C.A. No. 5989 (Del. Ch. 2013). We served as lead counsel for derivative and class claims arising out of a variety of master limited partnership transactions, alleging that the general partner's approvals of the transactions were done in bad faith and in breach of the implied covenant of good faith and fair dealing. One action was settled by defendants agreeing to a merger that increased the value of the limited partnership units by approximately $400 million. In another action, after the trial court dismissed the complaint, we prevailed before the Delaware Supreme Court to reinstate the claims for breach 4mplyed covenant. The matters settled for $12.4 million for the Master Limited Partnership unitholders. Reported decision: 67 A.3d 400, *overruled in part*, 159 A.3d 242 (Del. June 10, 2013) (reversing order of dismissal).

- ***In re Allegiant Travel Co. Stockholder Derivative Litigation***, Master File No. 3:18-01864, United States District Court for the District of Nevada. We are co-lead counsel representing stockholders in a derivative action asserting claims against Allegiant's current and former officers and directors for breaches of duties owed to the company arising out of the company's failures to maintain the safety of its airplanes.

- ***In re Mattel, Inc. Stockholder Derivative Litigation***, C.A. No. 2021-0417 (Del. Ch. 2021). We were co-lead counsel representing stockholders in a derivative action asserting claims against Mattel's current and former officers and directors for breaches of duties owed to the company arising out their cover-up of known material misstatements in Mattel's reported financial results and known severe weaknesses in its internal controls. The case was successfully settled for monetary relief and corporate governance reforms.

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

- ***In re Vanda Pharmaceuticals Inc. Derivative Litigation***, Case No. 1:19-cv-04293, United States District Court for the Eastern District of New York.  This case concerned alleged breaches of fiduciary duty by certain current and former officers and directors of Vanda relating to (1) the purported off-label promotion of Vanda Pharmaceutical Inc.'s two commercially-available drugs: Fanapt®, which is FDA-approved to treat schizophrenia in adults, and Hetlioz®, which is FDA-approved to treat Non-24-Hour Sleep-Wake Disorder ("Non-24"), a circadian rhythm disorder, as well as (2) the FDA's imposition of a partial clinical hold on clinical trials for tradipitant, a drug in Vanda's development pipeline.  We successfully settled and obtained corporate governance reforms to help prevent similar breaches of duty in the future.

- ***In re Alphabet Inc. Shareholder Derivative Litigation***, Lead Case No.: 19CV341522, Superior Court, State of California, County of Santa Clara.  Officers and directors of Alphabet made materially false and misleading statements regarding the Company's business, operations, and compliance policies.  We represented shareholders along with other counsel and achieved a favorable settlement.

- ***In re Impinj, Inc. Derivative Litigation***, Consol. CA. No. 1: 18-cv-1686, United States District Court for the District of Delaware.  In this stockholder derivative action, we asserted claims for breaches of fiduciary duty, unjust enrichment, insider selling and misappropriation of information, and violations of Section 14(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9 on behalf of nominal defendant Impinj against certain of its officers and members of the Company's Board of Directors (the "Board").  We successfully settled this case.

**Securities Class Actions**

- ***Pirani v. Slack Technologies, Inc., et al.***, Case No. 3:19-cv-05857-SI; *Pirani v. Slack Technologies, Inc.* (N.D. Cal.); No. 20-16419 (9th Cir. 2021); *Slack Technologies, LLC, f/k/a Slack Technologies, Inc., et al.*, No. 22-200 (2022).  The plaintiff brought this class action case against Slack, alleging that Slack's registration statement was misleading because it did not disclose certain information in its registration statement about Slack's service disruptions and how customers were compensated for them.  The district court and the Ninth Circuit found that the plaintiff did not have to show that he purchased registered shares, when registered and unregistered shares were sold at the same time under the same registration statement, to have standing to sue under Section 11 of the Securities Act of 1933.  The United States Supreme Court granted *certiorari* and in a decision released in June 2023, the Court rejected certain Section 11 arguments and remanded the case to the Ninth Circuit for further consideration of Plaintiff's Section 11 and Section 12 claims.

- ***Xu v. Gridsum Holding Inc., et al.***, C.A. No. 1:18 Civ. 3655, United States District Court for the Southern District of New York.  We are lead counsel prosecuting claims for violations of the federal securities laws arising out of Gridsum's materially false and misleading statements and omissions regarding its financial reporting.  The Court

appointed us lead counsel on September 17, 2018.  The parties recently advised the Court that they had reached an agreement in principle to settle and are working on a formal settlement agreement and motion for approval of the settlement.

- ***In re Vivint Solar, Inc. Securities Litigation***, Case No. 2:20-cv-00919, United States District Court for the District of Utah.  We served as Lead Counsel to plaintiffs prosecuting claims for violations of the federal securities laws arising out of Vivint's alleged misstatements and omissions concerning the Company's legal battles and alleged financial harm stemming from alleged fraudulent sales.  The case was successfully settled in mediation for the payment of $1,250,000, and the settlement was finally approved in May of 2022.

- ***Stein, et al. v. U.S. Xpress Enterprises, Inc., et al.***, Case No. 1:19-cv-98, United States District Court for the Eastern District of Tennessee, at Chattanooga.  We served as counsel to two representative plaintiffs along with co-lead counsel for the class prosecuting federal securities class action arising out of USX's June 14, 2018, initial public offering ("IPO").  The initial complaint was filed on April 2, 2019, asserting claims under Sections 11 and 15 of the Securities Act of 1933, against USX, certain executives, and the underwriters of its IPO, for issuing a Registration Statement and Prospectus ("Offering Documents") containing material misrepresentations and omissions. The complaint alleged that the Offering Documents misrepresented USX's ability to maintain sufficient drivers to meet shippers' demands, while in reality, USX was experiencing acute driver shortages, had to shift drivers from its more profitable "over-the-road" ("OTR") contracts to its fixed rate "dedicated" contracts, and suffered losses as a result.  The case was successfully settled for $13.0 million, and the settlement was finally approved on July 12, 2023.

- ***Ortmann v. Aurinia Pharmaceuticals Inc., et al.***, C.A. No. 22-01335, United States District Court for the District of Maryland.  On February 20, 2023, we were appointed Lead Counsel in this federal securities class action arising from Aurinia's false and misleading statements about its financial results.  Specifically, the false and misleading statements and failures to disclose involve Aurinia's declining revenues and expected shortfalls in its 2022 sales outlook for LUPKYNIS.  This case is ongoing.

- ***Chang v. Helios and Matheson Analytics Inc., et al.***, C.A. No. 1:18-06965, United States District Court for the Southern District of New York.  The case involved Helios's false and misleading statements about the sustainability of its new business model for MoviePass subscribers and data profitability.  We negotiated a favorable settlement for the class resulting in the creation of a common fund of $8.25 million for qualifying class members.

- ***In re BP p.l.c. Securities Litigation***, Case No. 4:10-md-02185, United States District Court for the Southern District of Texas.  We represent nine institutional asset managers that purchased BP stock on the London Stock Exchange and prosecuted claims against BP for violations of English securities laws arising out of BP's false and

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

misleading statements concerning the safety of its offshore oil rigs and operations and false and misleading statements regarding the size of the oil spill. The claims were successfully resolved in March of 2021.

- ***Sudunagunta v. NantKwest, Inc., et al.***, Case No. 2:16 Civ. 1947, United States District Court for the Central District of California. We were co-lead counsel prosecuting a securities class action against NantKwest, a biotechnology company that develops immunotherapeutic agents for various clinical conditions and in which we are co-lead counsel for the plaintiff. The action resulted from NantKwest's false and misleading statements in connection with its initial public offering and failure to disclose errors in its financial filings with the SEC. On May 13, 2019, the Court granted final approval of a settlement that will provide $12 million to the class. Reported decision: 2018 U.S. Dist. LEXIS 137084 (August 13, 2018) (order granting class certification).

- ***Cullinan v. Cemtrex, Inc., et al.***, Consolidated Case No. 2:17-cv-01067, United States District Court for the Eastern District of New York. We were co-lead counsel prosecuting claims on behalf of a class of stockholders arising out of violations of the federal securities laws related to company insider's improper sales of stock and false and misleading statements concerning the company's business operations. The case was settled successfully in March 2018.

**Merger Litigation**

- ***In re: SCANA Corporation Public Shareholder Litigation***, Lead Case No. 3:18-cv-0505-MBS (D.S.C.) ("Federal Merger Action"); *KBC Asset Management NV v. Kevin Marsh, et al.*, Civil Action No. 2019-CP-4002522 (South Carolina, Richmond Co, Ct. of Common Pleas); *Teresa Parler v. Kevin Marsh, et al.*, Civil Action No. 2017-CP-40-06621 (South Carolina, Richmond Co, Ct. of Common Pleas) (collectively the "SCANA Merger Actions"). In the SCANA Merger Actions, we acted as co-lead counsel and lead derivative counsel in actions against certain former officers and directors of SCANA Corporation, a South Carolina based regulated electric and natural gas public utility. The SCANA Merger Actions arose out of the 2017 collapse of the V.C. Summer nuclear project and the resulting merger of SCANA with Dominion Corporation, and damages caused by material misrepresentations and omissions made in connection with that project. The case was successfully settled in 2022, for a total settlement amount of $63 million, payable to SCANA's injured former shareholders that are members of the Class.

- ***In re: CVR Refining, LP Unitholder Litigation***, Consolidated C.A. No. 2019-0062 (Del. Ch.). Our firm was appointed as Chair of the Executive Committee as Counsel for Lead Plaintiff. The case went to trial before Chancellor McCormick in the Delaware Chancery Court in July 2021, and successfully resolved by settlement and approved by the Court in December 2022.

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

- ***True Value Company***, C.A. No. 2018-0257, Delaware Court of Chancery. Co-lead counsel representing stockholder and independent retailer of True Value Company in a challenge to the fairness of a conflicted transaction by which each True Value stockholder would be forced to sell 70% of its shares at par value, ending up as indirect minority members of the Company. The action resulted in additional disclosures by defendants, which the Court found to be material.

- ***In re Cornerstone Therapeutics, Inc. Stockholder Litigation***, C.A. No. 8922, Delaware Court of Chancery. Our firm was co-lead counsel representing a class of Cornerstone Therapeutics stockholders challenging an acquisition of the company by its controlling stockholder in a "going private" transaction. The matter settled for **$17,881,555** in cash benefits to the class.

- ***Ross and Parker v. Rhône Capital, L.L.C. et al.***, Case No. CACE-16-013220 (Cir. Ct. 17th Jud. Dist., Broward Cnty., Fla.). Partners of our firm were counsel in action challenging the acquisition of Elizabeth Arden by Revlon.

- ***In re Allion Healthcare, Inc. Shareholders Litigation***, C.A. No. 5022-CC (Del. Ch.). Partners of our firm were co-lead counsel in action challenging a going-private transaction whereby Allion merged with H.I.G. Capital Inc. and a group of Allion stockholders. The action was settled with a $4 million payment to Allion's unaffiliated shareholders and additional disclosures to shareholders.

- ***In re RehabCare Group, Inc., Shareholders Litigation***, C.A. No. 6197-VCL (Del. Ch.). Partners of our firm were co-lead counsel in action challenging the acquisition of RehabCare by Kindred Healthcare, Inc. which resulted in a $2.5 million payment to RehabCare shareholders, modification of the merger agreement, and additional disclosures to shareholders.

- ***In re Atheros Communications Shareholder Litigation***, C.A. No. 6124-VCN (Del. Ch.). Partners of our firm were co-lead counsel in action challenging the acquisition of Atheros by Qualcomm Incorporated which resulted in the issuance of a preliminary injunction by the Delaware Court of Chancery delaying the shareholder vote and requiring additional disclosures to shareholders.

- ***Maric Capital Master Fund, Ltd. v. PLATO Learning, Inc.***, C.A. No. 5402-VCS (Del. Ch.). Partners of our firm were lead counsel in action challenging the acquisition of PLATO by Thoma Bravo, LLC which resulted in the issuance of a preliminary injunction by the Delaware Court of Chancery requiring additional disclosures to shareholders.

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

### BANKRUPTCY AND INSOLVENCY-RELATED LITIGATION

Our knowledge of bankruptcy law and procedure has helped us carve a niche in this often- overlapping sphere of litigation.  Our practice includes representing clients who have invested in companies undergoing reorganization.  We have also acted as bankruptcy counsel to other firms pursuing claims on behalf of their clients.  We have often been retained by creditors committee or post-confirmation trustees to pursue claims for the benefit of the estates in question, including litigation arising out of financial misrepresentation and breaches of fiduciary duty by debtors' directors and officers.

### Representative Matters

- ***Mundhra, et al. v. Willowood USA Holdings, LLC***, 18CV23323, Cir. Ct. Oregon, County Multnomah (2018).  We filed a complaint for Contract Reformation and Declaratory Relief.  A stipulated general judgment of dismissal was reached in July 2021.

- ***Creditor Trust of Energy & Exploration Partners, Inc. v. Apollo Investment Corporation, et al.***, C.A. No. 17-04035 (Bankr. N.D. Tex. 2017).  We represented a post-confirmation Creditor Trust asserting claims against Apollo Investment Corporation and affiliated entities for fraudulent conveyance arising out of Debtors' payment of penalty in connection with prepayment of debt.  The matter settled favorably for the Creditor Trust.

- ***Creditor Trust of Vivaro Corporation v. Catalina* Acquisitions *L.LC.***, JAMS Arbitration.  We represented a post-confirmation Creditor Trust asserting claims for breach of promissory note.  The matter settled favorably for the Creditor Trust.

- ***Hebrew Hospital Senior Housing, Inc., Plan Administrator***, C.A. 17-01240 (Bankr. S.D.N.Y. 2017).  We represent a post-confirmation Plan Administrator bringing claims for breach of fiduciary duty against certain former officers and directors of Hebrew Hospital Senior Housing, Inc. ("HHSH"), a bankrupt "continuing care retirement community."  The Plan Administer is also asserting claims assigned by current and former residents of HHSH asserting that they did not receive mandated disclosures.  We successfully settled this case.

- ***Advance Watch* Company*, Ltd. Creditor Trust***, C.A. No. 17-7461 (S.D.N.Y. 2017).  We represented a post-confirmation Liquidating Trust asserting claims for breach of fiduciary duty against former officers and directors of Advance Watch Company, Ltd.

- ***UGHS Senior Living, Inc. Liquidating Trust***, C.A. No. 2017-75532, District Court of State of Texas, Harris County.  We represented a post-confirmation Liquidating Trustee asserting claims for breach of fiduciary duty against former officers and directors.  The matter settled favorably for the Creditor Trust.

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

- ***In re Solutions Liquidation LLC***, Adv. P. No. 18-50304 (Bankr. Del. 2018).  We represent the post-confirmation Liquidating Trust bringing claims for breach of fiduciary duty against the former officers and directors of SDI Solutions LLC.

- ***In re Worldcom***, No. 02-13533 (Bankr. S.D.N.Y.).  We represented a patent owner in a multimillion dollar claim for patent infringement.  The case resolved favorably for client.

- ***In re Enron Corp.***, No. 01-16034 (Bankr. S.D.N.Y.).  Stockholders filed suit against a corporation that withdrew from a merger agreement with the debtor corporation seeking to enforce the merger agreement.  The case was settled for $6 million.

- ***In re Universal Automotive Industries, Inc.***, No. 05-27778 (Bankr. D.N.J. 2005).  We represented trustee and secured lenders in claims against former officers and directors.  The case resolved favorably for plaintiffs.

- ***In re Acclaim Entertainment, Inc.***, No. 04-85595 (Bankr. E.D.N.Y. 2004).  We represented a trustee in litigation against former officers and directors.  The case resolved favorably for trustee.

- ***In re Allou Distributors, Inc.***, No. 03-82321 (Bankr. E.D.N.Y.).  We represented trustee and secured lenders in claims against former officers and directors.  The case resolved favorably for plaintiffs.

- ***Arbor Place, L.P. v. Encore Opportunity Fund, L.L.C.***, No. 20436 (Del. Ch. 2003).  Investors in a hedge fund sued for misrepresenting the value of the investments.  The case resolved favorably for plaintiffs.

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

## CONSUMER CLASS ACTIONS

We have extensive experience litigating class actions on behalf of consumers.  We have prosecuted claims for damages arising out of data breaches, defective coin-counting machines, consumer loyalty programs, and other consumer matters.

- ***Sateriale v. R.J. Reynolds Tobacco Co., Inc.***, Case No. CV 09 08394, United States District Court for the Central District of California.  We represented a class of California adult smokers who purchased packs of Camel cigarettes and collected Camel Cash, or "C-Notes," as part of the Camel Cash loyalty program.   The class asserted claims that Reynolds breached its contract with program members when, on October 1, 2006, Reynolds removed all the non-tobacco related merchandise from the Camel Cash program, and program members could redeem C-Notes only for cigarettes or coupons for dollars off cigarettes.  In 2012, we obtained a victory before the United States Court of Appeals for the Ninth Circuit reversed the district court's dismissal of the complaint.  The Ninth Circuit found that the Camel Cash program created a unilateral contract between consumers and Reynolds.  Pursuant to a settlement reached in 2016, R.J. Reynolds offered Class Members the opportunity to use C-Notes that they collected and held as of October 1, 2006, to redeem for non-tobacco merchandise.  Reported decisions: 697 F.3d 777 (9th Cir. October 15, 2012) (reversing order of dismissal); 2014 U.S. Dist. LEXIS 176858 (December 19, 2014) (order granting class certification and denying defendant's motion for summary judgment).

- ***Castillo v. Seagate Technology LLC***, Case No. 3:16-cv-01958, United States District Court for the Northern District of California.  We represented current and former employees of Seagate and its affiliates, and the employees' spouses, seeking damages arising from Seagate's March 2016 data breach in which Seagate wrongfully disclosed the employees' 2015 Form W-2 tax information in a "phishing" scam.  The matter settled in March 2018.  Pursuant to the settlement, Seagate agreed to provide Class Members with the option to obtain two years of identity theft protection and to reimburse Class Members for certain economic costs.  Reported decision: 2016 U.S. Dist. LEXIS 187428 (September 14, 2016) (order denying in party motion to dismiss).

- ***Feinman v. TD Bank, N.A.***, Supreme Court of the State of New York, New York County.  We were co-class counsel in consumer class action alleging that TD Bank's "Penny Arcade" coin-counting machines under-counted coins deposited by consumers.  Class counsel negotiated a $7.5 million settlement in favor of the class.

- ***Filannino-Restifo v. TD Bank, N.A.***, C.A. No. 16-cv-02374, United States District Court for the District of New Jersey.  Plaintiffs commenced this action alleging that TD Bank's "Penny Arcade" change counting machines undercounted the amount of change deposited by customers and non-customers, causing harm to the individuals who used the Penny Arcade machines.  We successfully negotiated a settlement in this case.

**B|E|S BRAGAR EAGEL & SQUIRE, P.C.**

- ***Chery v. Conduent Education Servs., LLC et al.***, Case No. 1:18-cv-00075, United States District Court for the Northern District of New York.  We represented student loan borrowers whose absolute right to prepay their student loans was thwarted because Conduent Education Services, LLC and its affiliates failed to return timely or complete Loan Verification Certificates.  Without the timely production of the Loan Verification Certificates needed to process their prepayments, borrowers lost the right to pay off their loans and lost qualifying payments towards Public Service Loan Forgiveness.  Class counsel negotiated a $3.25 million settlement in favor of the class.

- ***In Re: Kia Hyundai Vehicle Theft Marketing, Sales Practices, and Products Liability Litigation***, Case No. 8:22-ml-03052 (C.D. Cal.).  We represented consumers who owned or leased Hyundais or Kias that did not include standard anti-theft technology—a defect that made these vehicles a safety and theft risk.  A proposed settlement has been reached covering approximately 9 million 2011-2022 Hyundai and Kia vehicles in the United States and creating a fund of up to $145 million in out-of-pocket reimbursement costs.  Final settlement approval is pending.

- ***Sysco Metro NY, LLC v. The City of New York, et al.***, Supreme Court of the State of New York, New York County.  This case arose out of New York City's violations of vehicle and traffic law by enforcing parking summonses where the body type description on the summonses were incorrectly listed as something other than a tractor.  We served as settlement class counsel and negotiated a preliminarily-approved settlement with a settlement fund of $2,450,000.

**B|E|S BRAGAR EAGLE & SQUIRE, P.C.**

### GENERAL COMMERCIAL LITIGATION

Our attorneys handle both plaintiff and defendant work encompassing all aspects of commercial litigation in traditional forums and through alternate dispute resolution. Although frequently involved in trial practice, much of our work is consultative in nature. As such, we act in an advisory capacity or pre-litigation mode where we attempt to solve business disagreements and partnership disputes without commencing a formal action. We also handle cases involving insurance disputes, including contesting insurance valuations and coverage refusals.

### Representative Matters

- ***Ator Limited v. Comodo Holdings Limited***, No. 12-03083 (D.N.J.). We represented third-party defendants in a dispute arising out of the sale of a start-up company. We successfully settled this case.

- ***Financials Restructuring Partners v. Premier Bancshares, Inc.***, No. 651283/2013, New York Supreme Court, New York County. We defended former bank holding company against attempt to foreclose upon $6 million in debt securities.

- ***325 Schermerhorn LLC v. Nevins Realty Corp.*** We obtained a victory on summary judgment compelling defendants to pay $3.6 million plus interest representing a returned down payment on four properties because of a transit easement assumedly known to all parties at the time the contracts were executed. Reported decision at 2009 WL 997501.

- ***Bellis v. Tokio Marine Insurance Company.*** We procured a $7 million settlement after obtaining a jury verdict on liability based on causation of damage in insurance claim. We also defeated a summary judgment motion reported at 2002 WL 193149 (February 5, 2022 S.D.N.Y.). The case involved attribution of liability for some priceless Tiffany glass that was damaged while on exhibit in Tokyo. Reported decision at 2004 WL 1637045 (July 14, 2004 S.D.N.Y.).***Baer, et al. v. EisnerAmper, LLP, et al.***, Superior court for the State of California, County of Los Angeles. In this case, Plaintiffs were induced to invest in, and continuing holding their investments in, a purported investment fund based on EisnerAmper, LLP's audits of that fund. The fund turned out to be a Ponzi scheme. Plaintiffs filed suit against EisnerAmper, LLP, bringing claims for aiding and abetting fraud and breach of fiduciary duty; common law fraud and deceit; aiding and abetting securities fraud under California law; and negligent misrepresentation. Trial is set for April 8, 2024.

- ***Paquette v. Twentieth Century Fox***. Compelled Fox television to grant "created by/inspired by" credits to authors of comic book from which television series was adapted, establishing claim of reverse passing off, *i.e.*, improperly taking credit for someone else's work, under the Lanham Act. Reported decision at 2000 WL 235133 (S.D.N.Y.).

B|E|S BRAGAR EAGEL & SQUIRE, P.C.

- ***Colton Hartnick Yamin & Sheresky v. Feinberg***, New York Supreme Court, New York County.   We successfully reversed the trial court's denial of summary judgment to law firm on impropriety of claim of malpractice.   On appeal, the court dismissed the malpractice claim based on lack of facts to establish legal malpractice and punitive damages.  Reported decision at 227 A.D.2d 233, 642 N.Y.S.2d 283 (1996).

- ***Raycom v. Kerns***, New York Supreme Court, Kings County.  We are representing a Singapore-based aircraft part manufacturer in a breach of contract suit against a multi-national corporation.

- ***Mun v. Hong***, New York Supreme Court, New York County.   Reversed a trial court's dismissal of complaint seeking damages from breach of a partnership agreement to acquire real property.  Reported at 44 A.D.3d 534, 843 N.Y.S.2d 505.  We successfully settled this case.

- ***Levine v. Murray Hill Manor Company***, New York Supreme Court, New York County.  Represented partnership and general partner and successfully dismissed claims brought by assignees of limited partnership by establishing that the assignees may not sue the partnership and partners.  Reported at 143 A.D.2d 298, 532 N.Y.S.2d 130.

- ***Marks v. Zucker***, New York Supreme Court, New York County.  Represented partnerships and corporations dismissing claims of stockholder for accounting by successfully interpreting corporate law remedies and necessary parties to action.  Reported at 118 A.D.2d 452, 499 N.Y.S.2d 740.

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

## OUR ATTORNEYS



### Lawrence P. Eagel

Larry Eagel is a partner of the firm and joined in 1994. Larry handles all types of litigation, but he is particularly skilled in the areas of securities and bankruptcy-related litigation, including class actions. Prior to 1994, he was associated with the firm of Proskauer Rose LLP. Larry was also a certified public accountant and worked in the late 1970's as an auditor with Grant Thornton & Co. (formerly Alexander Grant & Co.) in the firm's Washington, D.C. office.

Larry is member of the bars of the State of New York and the State of New Jersey. He is also admitted to practice before the United States Supreme Court, as well as the United States Courts of Appeals for the Second, Third Circuit, Fourth, Seventh and Ninth Circuits, the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the United States District Court for the District of New Jersey, the United States District Court for the Eastern District of Tennessee, and the United States Tax Court.

Larry is a 1983 *cum laude* graduate of the Brooklyn Law School, where he was a Comments Editor of the *Brooklyn Law Review*. He completed his undergraduate work at George Washington University in 1978, where he also earned an M.B.A. in 1980.



### J. Brandon Walker

J. Brandon Walker is a partner of the firm. Before joining the firm in 2015, Brandon was a partner at Kirby McInerney LLP. Brandon has a broad background in securities fraud, corporate governance, and other complex class action and commercial litigation on behalf of shareholders. He has represented public retirement systems, union pension funds, European investment managers, and other institutional and individual investors before federal, state, and appellate courts throughout the country.

Brandon is a member of the bars of the State of New York and the State of South Carolina. He is also admitted to practice before the United States Court of Appeals for the Second and Sixth Circuits, the United States District Court for the Southern and Eastern Districts of New York and the District of South Carolina.

Brandon is a 2008 graduate of Wake Forest University School of Law with an M.B.A. from the Wake Forest University Graduate School of Management. He completed his undergraduate work at New York University.



### Melissa A. Fortunato

Melissa is a partner of the firm. She has a broad background in securities fraud, corporate governance, and other complex class action and commercial litigation on behalf of investors. Many of her cases have involved breaches of fiduciary duties by public company boards of directors, and she has represented institutional and individual stockholders in the mediation and settlement of numerous derivative and class actions.

Melissa is a 2013 *magna cum laude* graduate of the Pace University School of Law, where she was a Notes Editor of the Pace Environmental Law Review, and a 2004 *cum laude* graduate of Georgetown University.

Melissa is a member of the bars of the states of New York, New Jersey, Connecticut, and California. She is admitted to practice before the United States Court of Appeals for the Second, Third, Fourth, Sixth, Seventh and Ninth Circuits, and the United States District Courts for the Eastern, Western, and Southern Districts of New York, the District of New Jersey, and the Northern, Central, and Eastern Districts of California.



### Marion Passmore

Marion Passmore is a partner of the firm. Marion has a broad litigation practice, with an extensive background in securities litigation. She has prosecuted numerous securities fraud actions on behalf of institutional and individual investors. Prior to joining the firm, she co-founded a small private practice that specialized in estate planning and probate actions, civil litigation, real property, and served as city attorney for the City of Choteau, Montana.

Marion is a 2003 graduate of the University of San Diego School of Law. She received an M.B.A from the San Diego School of Business in 2004 and was also a member of the Beta Gamma Sigma Honors Society. Marion is a 2000 *cum laude* graduate of the University of Southern California.

Marion is a member of the bars of the states of California, New York, and Montana. She is admitted to practice in the United States Supreme Court and the United States Courts of Appeals for the Second, Third, and Ninth Circuits. She is also admitted to practice in the United States District Courts for the Southern, Northern, Eastern, and Central Districts of California, the Southern and Eastern Districts of New York, and the District of Montana.



### Badge Humphries

Badge is a partner at the firm, joining the firm in September 2022. He represents individuals and institutional investors in securities fraud and shareholder litigation, plaintiffs in products liability and other personal injury cases, and parties engaged in business disputes. In representing investors in public companies, he has served as lead counsel in cases alleging securities fraud or breach of fiduciary duty against defendants in the financial, pharmaceutical/medical device, healthcare, mining, and consumer retail sectors. Badge also regularly handles other types of complex litigation on behalf of individual plaintiffs, particularly cases involving alleged defective products and professional malpractice.

Badge has been an invited guest speaker at numerous conferences across the country and consulted on a variety of legal matters by various news outlets and publications. He currently serves on the Board of Governors of the South Carolina Association for Justice (SCAJ) and has received a SCAJ President's Award for his service to the organization. He has also served on the South Carolina Bar's Torts and Insurance Practice Section Council, serving as the Chair from July 2019 to July 2020 and currently as the Section Delegate to the South Carolina Bar's House of Delegates. Since 2017, Badge has been recognized by Best Lawyers, and since 2020, he has been named one of the top 100 lawyers in the state of South Carolina by The National Trial Lawyers. He is licensed to practice in Georgia, Kentucky, Texas, and South Carolina. He is admitted to practice in the United States Courts of Appeals for the Fourth and Eleventh Circuits and the United States District Courts for the South Carolina, and the Eastern, Western, and Southern Districts of Texas, Eastern District of Michigan, Western District of Kentucky, and the Northern District of Georgia, He is also admitted to practice in the Georgia Supreme Court and the Georgia Court of Appeals.



### Gabriela Cardé

Gabriela Cardé is an associate at the firm. Gabriela's practice involves securities and corporate governance. She has experience in alternative dispute resolution proceedings before the Financial Industry Regulatory Authority (FINRA).

Gabriela has a Master of Laws in International Business and Trade Law from Fordham University School of Law. She received her J.D. from the University of Puerto Rico School of Law. She is a member of the bar of

the state of New York and the Commonwealth of Puerto Rico. She is also admitted to practice in the Unites States District Courts for the District of Columbia and the Southern District of New York and the United States Court of Appeals for the First Circuit.

# B|E|S BRAGAR EAGLE & SQUIRE, P.C.



### Derek Scherr

Derek Scherr is an associate at the firm. Derek practices commercial litigation involving contract disputes, commercial and residential real estate, partnership disputes, business fraud, and bankruptcy litigation. Derek is a 2013 graduate of the Benjamin N. Cardozo School of Law. He received a B.A. in history from New York University in 2010.

Derek is a member of the bar of the State of New York.



### Casey C. DeReus

Casey C. DeReus is an associate at the firm. Casey's practice involves consumer class actions, corporate governance, and securities litigation. Her notable experience includes consumer privacy law, including filing the first class action against TikTok for BIPA violations, resulting in a $92 million settlement.

Casey received her J.D. from Loyola University – New Orleans College of Law. She also earned her M.A. in French Studies at Tulane University in 2012 and her B.A. in Government and French at the College of William and Mary in 2010. Casey is a member of the State Bars of Louisiana and Texas. She is admitted to practice in United States Court of Appeals for the Fifth Circuit. She is also admitted to practice in the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana, and the Southern District of Texas.



### Raymond A. Bragar

Ray Bragar is Of Counsel at the firm. Ray started the firm in 1983 and practices general litigation with a sub-specialty in real estate and real estate litigation. He has over thirty years of experience practicing in New York State and Federal Courts. He has handled complex trials before juries and judges lasting several weeks and numerous appeals in both the State and Federal Courts. He also has extensive experience working in the nontraditional forum of alternate dispute resolution, including multiple-week trials.

Following graduation, Ray was law clerk to the Hon. Lloyd F. McMahon who was then Chief Judge for the United States District Court for the Southern District of New York. He also previously worked for the firm of Katten Muchin Rosenman LLP (formerly Rosenman & Colin, LLP).

**B|E|S** BRAGAR EAGEL & SQUIRE, P.C.

Ray is member of the bar of the State of New York. He is also admitted to practice before the United States Supreme court, as well as in the United States Courts of Appeals for the Second, Fourth, and District of Columbia Circuits, United States District Courts for the Southern, Eastern, and Northern Districts of New York, and the United States Bankruptcy Courts for the Eastern and Southern Districts of New York. He is a member of the New York State Bar Association, where he has been a member of the Civil Practice Law & Rules Committee since 1985.

Ray is a 1972 *cum laude* graduate of the Harvard Law School and is a 1968 *magna cum laude* graduate of Rutgers University.



### Jeffrey H. Squire

Jeffrey H. Squire is a retired partner of the firm. Jeff was previously a partner at Kirby, McInerney & Squire LLP and Of Counsel to Wolf Popper LLP. Jeff, as lead or co-lead counsel, has prosecuted scores of class and derivative actions on behalf of the stockholders of many corporations, including: Adelphia Communications Corporation; AT&T Corporation; Bennett Funding Group; Bisys Group, Inc.; eBay, Inc.; Ford Motor Company; The Limited Corporation; Morrison Knudsen; Washington Group, Inc.; Waste Management, Inc.; and Woolworth, Inc. In such cases, he has recovered over one billion dollars for stockholders.

Jeff's ability to prosecute sophisticated class actions successfully has often been the subject of judicial recognition:

"You have acted the way lawyers at their best ought to act. And I have had a lot of cases in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here I would say this has been the best representation that I have ever seen." *In re Waste Management, Inc. Securities Litigation*.

"Nonetheless, in this Court's experience, relatively few cases have involved as high level of risk, as extensive discovery, and, most importantly, as positive a final result for the class members as that obtained in this case." *In re Bisys Securities Litigation.*

Jeff is a 1976 graduate of the University of Pennsylvania Law School and a 1973 *cum laude* graduate of Amherst College. He is member of the bars of the State of New York and State of Pennsylvania (retired). He is also admitted to practice before the United States Courts of Appeals for the Second, Third, Sixth, and Seventh Circuits, and the United States District Courts for the Southern, Eastern, and Northern Districts of New York, the Northern District of Georgia, the Northern District of California, and the Southern District of Texas.

**LOCATIONS**

580 California Street
Suite 1200
San Francisco, CA 94104
Tel: (415) 568-2124

810 Seventh Avenue
Suite 620
New York, NY 10019
Tel: (212) 308-5858

2113 Middle Street
Suite 305
Sullivan's Island, SC 29482
Tel: (843) 883-7424

445 S. Figueroa Street
Suite 3100
Los Angeles, CA 90071
Tel: (213) 612-7735